NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JEFFREY M. CHEMERINSKY (Cal. Bar No. 270756)
Assistant United States Attorney
Violent and Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6520
    Facsimile: (213) 894-0141
    E-mail:   Jeffrey.chemerinsky@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-322-DMG |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT JORGE ALBERTO PRADO |
| v. | |
| JORGE ALBERTO PRADO, | |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Jeffrey M. Chemerinsky, hereby files its sentencing position with respect to defendant Jorge Alberto Prado. This sentencing position is supported by the attached memorandum of points and authorities and

///

///

such further evidence and argument as the Court may permit at the sentencing hearing.

Dated: August 25, 2020

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division


_____/s/_____
JEFFREY M. CHEMERINSKY
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Defendant Jorge Alberto Prado ("defendant") awaits sentencing after pleading guilty to Count Five of the Indictment, alleging possession of child pornography.  Under Title 18, United States Code, Section 3553(a) considering the facts of this case, the government believes that a sentence of 60 months' imprisonment is appropriate. Such a sentence is sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, to deter others, and to avoid unwarranted sentencing disparities with other defendants in similar circumstances.

**II.  BACKGROUND FACTS**

As set forth in defendant's Plea Agreement (CR 20):

On or about November 14, 2017, a federal search warrant was executed at defendant's home in Lomita, California. At that time, defendant knowingly possessed over 25,000 images and 1,000 videos of child pornography. Defendant knew the images and videos contained the visual depiction of minors engaging in sexually explicit conduct, and that production of such depictions involved use of minors engaged in sexually explicit conduct. Some images and videos of child pornography portrayed sadistic or masochistic sexual conduct involving the minor children. Some of the children depicted in these images and videos are real children, and defendant downloaded the images and videos from the Internet, which is a means and facility of Interstate and foreign commerce, using a computer.

In particular, on defendant's Powerspec Desktop, Serial Number G421071440552, defendant had videos of child pornography entitled: "! New ! (Pthc) Tara 8Yr - Tara Gets Molested By A Clown(taraPart 1).mpg"; "4Yo Girl And 8Yo Suck Look Ptsc Kleuterkutje Hussyfan Yamad

Kingpass Moscow Pedo.mpg" and "TF-BTF-01 - Man Gets In Bed With Hot 7yo.mpg." These videos depicted a prepubescent minor who had not attained 12 years of age.

### III. SENTENCING GUIDELINES

#### A. Offense Level

The government generally concurs with the PSR's calculation of defendant's offense level, which is generally in accordance with the parties' plea agreement with the notable exception described further below. (CR 20.)  Specifically, the government agrees that the base offense level for defendant's offense of conviction (possession of child pornography) is governed by § 2G2.2, and that the base offense level for this offense under that guideline is 18.  (PSR, ¶ 22.)  The government also agrees with the specific offense characteristics set forth in the PSR that are applicable.  Specifically, a 2-level enhancement applies because the material involved a prepubescent minor or a minor who had not attained the age of 12 years, (id., ¶¶ 23-24), a 2-level enhancement is warranted because the offense involved the use of a computer to possess child pornography (id., ¶¶ 30-31), a 5-level enhancement is warranted because the offense involved 600 or more images (id., ¶ 32-33), and a 4-level enhancement is warranted because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence (id., ¶ 28-29).

The government, however, objects to the PSR's inclusion of a 2-level enhancement for distribution of child pornography.  This enhancement was not included in the Plea Agreement.  Pursuant to the Plea Agreement, the government has agreed to not seek or argue for any other enhancements.  To provide defendant with the benefit of his

plea, the government objects and requests that the Court not apply this enhancement.

Finally, the government agrees that a 3-level reduction pursuant to U.S.S.G. § 3E1.1(b) is appropriate in this case given defendant's timely acceptance of responsibility.  (Id., ¶¶ 39-40.)

**B. Criminal History Category and Resulting Guidelines Range**

The government agrees with the PSR's calculation of defendant's criminal history category of I (PSR, ¶¶ 48).

With a total offense level of 28, and a criminal history category of I, the resulting advisory guideline range is 87-108 months' imprisonment.

**C. Plea Agreement**

The parties have entered into a plea agreement (CR 20), pursuant to 11(c)(1)(C), which includes a binding sentencing range of 36 to 60 months' imprisonment.  Such pleas are standard in similar cases in this District and provide uniformity for similarly situated defendants.

**I.   A SENTENCE OF 60 MONTHS IS REASONABLE AND APPROPRIATE UNDER THE 3553(A) FACTORS**

**A.   Nature and Circumstances of the Offenses, § 3553(a)(1)**

The nature and circumstances of defendant's offense deserve punishment in the form of a significant custodial sentence.  The crime of conviction, possession of child pornography, is a serious offense that promotes the production of child pornography, which results in severe physical and emotional harm to children who are coerced or forced to participate in its production.  In addition, the distribution of child pornography (such as through the peer-to-peer networks through which defendant distributed received child

pornography) potentially leads viewers of the pornography to be acclimated to the conduct depicted in the images, leading to contact offenses against children.

The government believes that the agreed upon sentencing range, which is below the Guidelines' advisory range, is appropriate. This range is standard in this District for defendants similarly charged and situated.

**B.   History and Characteristics of Defendant, § 3553(a)(1)**

The recommended sentence also takes into account the history and characteristics of the defendant. Defendant has two misdemeanor convictions for driving related offenses. (PSR, ¶¶ 46-47.) As described in the PSR, ¶ 54, defendant has a prior arrest for "Lewd/Lascivious Acts with a Child Under 14." As part of that case, defendant admitted to forcing his step-brother, who was 6 or 7 years old at the time, to orally copulate him.

To his credit, defendant appears to have the support of his children and ex-wife. (PSR, ¶ 65.) Defendant also quickly accepted responsibility for his actions in this case and entered the plea agreement.

**C.   Need for Deterrence and to Promote Respect for the Law, § 3553(a)(2)**

The government's recommended sentence promotes respect for the law. The requested sentence will impress upon defendant the severity of his offense and protect the public from such behavior in the future. The requested term of imprisonment also serves the goals of general deterrence by making clear that those who collect child pornography will be subject to significant punishments. Thus, the

requested sentence accounts for the goals of both specific and general deterrence.

### D. Policy Statements and Need to Avoid Unwarranted Sentencing Disparities, § 3553(a)(6)

The government believes that a sentence of 60 months' imprisonment avoids unwarranted sentencing disparities with other defendants in similar circumstances as defendant. The government considered the various aggravating factors in this case, as well as the mitigating factors. Following consideration of the factors present in defendant's case, the government believes that a sentence of 60 months' imprisonment is both reasonable and appropriate.

### E. Restitution

The parties have agreed to continue the restitution proceedings to another date. The government requests that the Court set the restitution hearing for a date in late-October or early-November. The parties will work to come to a stipulation regarding restitution in advance of that hearing date.

### F. Fine and Special Assessment

The government agrees with Probation that a fine should be waived.

A $100 mandatory special assessment applies. In addition, under 18 U.S.C. § 3014 an assessment of $5,000 applies.

## IV. CONCLUSION

For the foregoing reasons, the government believes that the sentence recommended by the government is sufficient, but not greater than necessary, to punish defendant and his crime, promote respect for the law, deter defendant and others from committing similar

crimes in the future, and avoid unwarranted sentencing disparities. See generally 18 U.S.C. § 3553(a).

The government therefore recommends that the Court sentence defendant to 60 months' imprisonment, a lifetime period of supervised release, a mandatory special assessment of $100, and a further assessment of $5,000.